ERIN C., Appellant,

v.

CHRISTOPHER R., Appellee.

[Cite as *Erin C. v. Christopher R.* (1998), 129 Ohio App.3d 290.]

Court of Appeals of Ohio,
Sixth District, Sandusky County.

No. S–97–047.

Decided Aug. 7, 1998.

*Jon M. Ickes,* for appellant.

*Nancy M. Scranton,* for appellee.

KNEPPER, Judge.

This is an appeal from a judgment of the Sandusky County Court of Common Pleas, Juvenile Division, which granted appellee Christopher R.'s motion to have his minor child be given his surname. For the reasons that follow, this court reverses the judgment of the trial court.

Appellant Erin C. sets forth the following assignments of error:

"First Assignment of Error

"The Court erred in granting Appellee's request to change the minor child's last name where there was insufficient evidence presented by Appellee to support that the name change would be in the minor child's best interests.

"Second Assignment of Error

"The trial court erred in granting Appellee's motion for a change in the minor child's name where no specific findings of fact were indicated to support the change.

"Third Assignment of Error

"The Court erred in granting Appellee's request to change the minor child's last name where the Appellant was effectively barred from presenting evidence concerning the best interests of the minor child relative to the name change."

The facts that are relevant to the issues raised on appeal are as follows. On July 21, 1995, appellant Erin C. gave birth to a son, Samuel. Erin, who was unmarried, gave the child her surname and did not list appellee's name on the birth certificate. On November 29, 1995, appellant filed a complaint for determination of parentage of her son. Genetic testing subsequently determined that appellee is Samuel's biological father. On April 9, 1996, appellee filed a motion asking that Samuel be given his surname. On September 10, 1996, a hearing was held before a magistrate on the matters of the name change, expenses of childbirth and genetic testing, back child support, which parent would receive the income tax exemption for Samuel, and attorney fees. At the hearing, appellant's counsel stated that appellant was unprepared to present testimony as to the name change because notice of the hearing indicated that it was to be on the issue of medical bills. Appellee testified that he was exercising regular visitation with Samuel and that he wanted his son to have his surname.

On January 2, 1997, the magistrate issued a report with recommendations as to payment of various expenses and as to visitation. The only language in the report as to the issue of the name change was that "the last name of the child be changed to [R.]." On January 17, 1997, the trial court adopted the magistrate's recommendations as the judgment of the court. On February 5, 1997, appellant filed a motion asking the trial court to reconsider its judgment ordering Samuel's surname changed to that of his father and asking for an additional hearing in order to present evidence on the issue of the name change. On September 2, 1997, the trial court filed a judgment entry in which it stated that the magistrate's denial of appellant's request for a continuance to present testimony as to the name change was within the magistrate's discretion. The trial court modified the magistrate's report only so as to clarify the designation of appellant as Samuel's residential parent.

Appellant asserts in her first two assignments of error that appellee did not present sufficient evidence to support the trial court's order as to the name change and that the magistrate erred by failing to present any findings of fact in support of the name change in its report.

The Ohio Supreme Court in *Bobo v. Jewell* (1988), 38 Ohio St.3d 330, 528 N.E.2d 180, syllabus, held:

"1.   Pursuant to R.C. 3111.13(C), a court of common pleas may determine the surname by which the child shall be known after establishment of the existence of the parent and child relationship, and ·a showing that the name determination is in the best interest of the child.

"2.   In determining the best interest of the child concerning the surname to be used when parents who have never been married contest a surname, the court should consider: the length of time that the child has used a surname, the effect of a name change on the father-child relationship and on the mother-child relationship, the identification of the child as part of a family unit, the embarrass-ment, discomfort or inconvenience that may result when a child bears a surname different from the custodial parent's, the preference of the child if the child is of an age and maturity to express a meaningful preference and any other factor relevant to the child's best interest.   Courts should consider only those factors present in the particular circumstances of each case."

▮▮▮   When reviewing a decision that a child's name should be changed, a reviewing court is not free to substitute its judgment for that of the trial court. *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 566 N.E.2d 1181.   The determination of what is in the best interest of the child is within the sound discretion of the trial court.   An abuse of discretion involves more than an error of judgment.   It is an attitude on the part of the court that is unreasonable, unconscionable or arbitrary.   *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

▮▮▮   *Bobo, supra,* clearly requires a showing on the part of the movant that the name change is in the child's best interest.   The court in *Bobo* sets forth factors for the trial court to consider in determining the best interest of the child. After a thorough examination of the record in this case, we find that the only evidence in support of the name change consisted of appellee's statement at the hearing that he wanted his son to have his surname.   Further, the magistrate's January 2, 1997 report, adopted by the trial court on January 17, 1997, does not address the factors set forth by the Supreme Court of Ohio in *Bobo* and makes no finding as to Samuel's best interest.   The trial court ruled on the question of the name change with nothing more than the statement that "the last name of the child be changed to [R.]." Accordingly, we find that (1) there was insufficient evidence presented at the September 10, 1996, hearing to support the name change, (2) the trial court made no finding that the name change was in Samuel's best interest, (3) the trial court abused its discretion in ordering Samuel's

surname changed to that of his father, and (4) appellant's first and second assignments of error are well taken.

Based on our finding above, appellant's third assignment of error as to her request for further hearing on the name change is moot.

On consideration whereof, this court finds that substantial justice has not been done the party complaining, and the judgment of the Sandusky County Court of Common Pleas, Juvenile Division, insofar as it ordered Samuel's surname changed to R., is reversed and remanded for further hearing as to the issue of the name change, consistent with this opinion. Costs assessed to appellee.

*Judgment reversed.*

MELVIN L. RESNICK and SHERCK JJ., concur.