OPINION
Sheri Wolfe is appealing the judgment of the Montgomery County Common Pleas Court Juvenile Division which changed the surname of her child to that of the child's father.
Sheri Wolfe and Ben Patrick had a child on October 20, 1999 named Mallori.[1] At the time of the birth, Ben contested that he was the father of the child and therefore refused to sign the birth certificate. Thus, Mallori was given Sheri's surname, Wolfe. Sheri had previously been married and had obtained the surname Wolfe through the marriage. Sheri retained the surname because she had two additional children through the marriage with the surname Wolfe.
Subsequently an action was filed to establish paternity and to obtain child support. Several issues were litigated including Ben's motion to have the child's surname changed from Wolfe to Patrick. Sheri is the primary residential parent for the child. On December 5, 2000, the magistrate held a hearing on several issues, including the motion to change the child's surname. At the hearing, Ben argued that he was unable to obtain information from the child's school without the child having the same surname as his. However, he admitted that he never took a copy of the court order stating he was the child's father to the school in an attempt to get the information. Additionally, Ben expressed a desire for the child to have his surname and pointed out that Sheri's surname was the same as that of her previous husband. Sheri testified that she wanted the child to have the same surname as herself and her other two children, such that the residential family all had the same surname. Neither party presented any evidence that the child would be affected by failing to have her father's surname or would be embarrassed by having a different name than her residential parent.
The magistrate issued a decision ordering that the child's name and birth certificate be changed to reflect the surname Patrick. Sheri filed objections to the magistrate's decision and the trial court overruled these objections and adopted the decision of the magistrate. Sheri has filed this appeal from that judgment.
Sheri raises the following assignment of error:
 "THE TRIAL COURT ERRED IN ORDERING THAT A CHILD'S NAME BE CHANGED FROM THE RESIDENTIAL PARENT TO THE FATHER'S SURNAME, WHERE NO EVIDENCE WAS PRESENTED TO DEMONSTRATE THAT THIS WOULD BE IN THE CHILD'S BEST INTEREST."
Sheri argues that the trial court abused its discretion in ordering the name change because Ben failed to offer evidence pursuant to theWilhite, infra factors that the name change was in the child's best interest. We agree.
The Ohio Supreme Court has held that a trial court may alter a child's surname when it determines that the alteration is in the child's best interests. Bobo v. Jewell (1988), 38 Ohio St.3d 330. The Supreme Court stated that in determining whether a surname change is in the child's best interests, the trial court should consider:
 "[1] the effect of the change on the preservation and development of the child's relationship with each parent; [2] the identification of the child as part of a family unit; [3] the length of time that the child has used a surname; [4] the preference of the child if the child is of sufficient maturity to express a meaningful preference; [5] whether the child's surname is different from the surname of the child's residential parent; [6] the embarrassment, discomfort or inconvenience that may result when a child bears a surname different from a residential parent's; [7] parental failure to maintain contact with and support of the child; and [8] any other factor's relevant to the child's best interest." In Re: Willhite, 85 Ohio St.3d 28, 1999-Ohio-201.
Additionally, the Supreme Court explained that the argument that a child of unmarried parents should bear the paternal surname based on custom amounts to discrimination and should not be relied upon.Willhite, supra at 31-32.
A judgment by a trial court to change the surname of a child should only be reversed by an appellate court upon a finding of abuse of discretion. Erin C. v. Christopher R. (1998), 129 Ohio App.3d 290;Patrick T. v. Michelle L. (Nov. 30, 2000), Wood App. No. WD00-005. However, if a moving party requests a name change, but presents insufficient evidence to show that the name change would be in the child's best interests, it is an abuse of discretion of the trial court to alter the surname. Erin, supra (finding insufficient evidence that a surname change would be in the child's best interests where the movant only presented evidence that he desired the surname change).
Initially, Ben argues that he is prevented from obtaining information from the child's school or daycare because the child does not have his surname. The trial court did not rely on this argument in its judgment and we similarly find this argument irrelevant. Ben admitted during cross examination that he never took a copy of the trial court order establishing him as the father of the child to the school in order to attempt to obtain the requested information. We believe had he done so he would have been able to obtain the information regardless of the child's surname. If we were to suppose that this allegation is true, it still does not support changing the child's surname to Patrick because then logically Sheri would be unable to obtain information from the school about the child as she would have a different surname than the child, and this would be particularly problematic for her as she is the residential parent. Therefore, we do not find this evidence supportive of the trial court's determination that changing the child's surname is in the child's best interests.
In reaching its decision, the trial court listed as one of Ben's reasons for changing the child's surname, Ben's desire that the child to have his surname rather than the surname of Sheri's former husband. The trial court specifically noted in its judgment entry that was appealed, that this point was "well taken".[2] We disagree. We find that it is irrelevant where or how Sheri obtained her surname. The fact that the surname was obtained from a previous marriage rather than being her maiden name has no relevancy to determining the child's surname. Moreover, we find it is discriminatory to lessen the importance of Sheri's surname because it was obtained through a previous marriage as this may often be true in the case of a mother of a child. Finally, Sheri has two other children with the surname Wolfe and she has specifically stated that she wanted her biological children to all have the same surname as hers. The trial court's logic would force Sheri to change her and Mallori's surname to her maiden name in order to be on equal footing as Ben's surname, in which case she would have a different surname than her other two children. We find that the trial court abused its discretion in considering this as a factor which supported altering the surname of the child.
Also, the trial court asserted that Ben wanted the child to have his surname in order to better identify with him and his family. We find this characterization of the evidence presented at the hearing to be an overstatement. Other than the previously addressed claims of Ben, which we have already determined to be irrelevant, Ben only presented evidence that he desired to have the same surname as the child and that it was important to him. We find this remarkably similar to the evidence presented in Erin. We agree with the court in Erin that evidence that one party desires the name change is insufficient evidence under the Willhite
factors to find that a change of surname is in the best interests of the child. The trial court abused its discretion in finding that this was sufficient evidence meriting a finding under the Willhite factors that a surname change was in the child's best interests.
Additionally, the trial court argued that Sheri's only reason to maintain the surname of her child was so that her three biological children would have the same surname. The trial court did not mention Sheri's argument that she wanted the children to have the same surname as hers. At the hearing, Sheri specifically testified that despite the fact that she was remarrying, she was going to maintain the same surname as her children. However, on appeal Ben argues that Sheri has in fact altered her surname to be "Wolfe-Lytle,"since remarriage. Even if this is true, Sheri is still essentially maintaining the surname carried by her three biological children. Further, the trial court discounted Sheri's desire for her three biological children to have the same surname because the man Sheri was marrying had children from a previous relationship who had a different surname than her children. Therefore, the trial court reasoned that the child's surname will not help her to identify with a family unit as the child's step-siblings would have different surnames. We disagree. Having the same surname as her two half siblings and essentially the same surname as her mother, would help Mallori identify herself with that family unit. Therefore, the evidence at the hearing clearly demonstrated that Ben and Sheri had an equivalent desire and interest in Mallori having his or her surname and identifying with their family.
Additionally, the child primarily resides with Sheri and her two half siblings, whereas she only has visitation with her father. The trial court completely failed to consider the Willhite factor specifically favoring the child having the same surname as their residential parent. Sheri clearly is the residential parent and has either the same or essentially the same surname as Mallori and her two other biological children. This factor clearly favored maintaining Mallori's surname as Wolfe. Also, the trial court gave no consideration to the fact that the child had identified herself with the surname Wolfe for the two years of her life at that time and what is now nearing three years. Although this is perhaps not a long time, it is a factor that the trial court should have considered and which favored the child continuing with the surname Wolfe.
The trial court in rendering its decision focused on whether sufficient evidence existed for finding a change of surname was in the child's best interests rather than independently reviewing the Willhite factors and the evidence presented by the parties. Ben had the burden of establishing that in consideration of the Willhite factors a change of surname was in Mallori's best interests. After reviewing the evidence, he clearly failed to meet that burden. Ben's evidence regarding obtaining information about Mallori from the school and his concern that the surname Wolfe originated from Sheri's previous husband were irrelevant to Mallori's best interests. The only relevant evidence Ben produced was that he desired Mallori to have his surname, but this is outweighed by the interest of Mallori maintaining her surname that she has had for her entire life, that was essentially the same as Sheri's surname, who was the residential parent, that was also the same as her two half siblings, and that helped Mallori identify as a family unit with Sheri and her two half siblings. We find that the trial court abused its discretion in ordering Mallori Wolfe's surname be changed to Patrick when Ben presented insufficient evidence to show that the name change would be in the best interest of the child. Sheri's assignment of error is found to have merit and is sustained.
The judgment of the trial court is reversed and remanded.
WOLFF, P.J. and FAIN, J., concur.
[1] For the sake of clarity, the parties will hereinafter be referred to by their first names.
[2] The court filed an "Amended Entry and Order" twenty-one days later in which it deleted this phrase. However, the order appealed from is the original order, not the "amended" one.